*531 OPINION.
Goodkich:
This proceeding is submitted upon the pleadings and upon two depositions taken on behalf of petitioner. There is but one issue involved, namely: whether all or any part of a payment of $8,000 made to petitioner in 1925 by the Waterford Electric Light, Heat & Power Company as compensation for his services rendered in prior years is taxable income to petitioner in 1925, or whether said sum, or any part thereof, is a nontaxable realization upon a capital asset owned by petitioner prior to March 1,1913.
Petitioner contends that as of March 1, 1913, he had a valuable property right, a chose in action, which was a capital asset, and that the subsequent realization thereof was not income, taxable when received. With this contention we can not agree. While it is true that petitioner had rendered services to the Power Company prior to March 1,1913, under an oral agreement that he would be compensated therefor “ when the company came into funds,” his claim, and the value thereof on March 1, 1913, was contingent, indefinite and unliquidated. This fact is clearly shown by petitioner’s own testimony when he says, after stating that the amount of salary he was to receive had not been agreed upon prior to March 1,1913:
I had a legitimate claim for services at that time which was recognized but the amount of the claim could not be determined until the end of 1925 when the state finally closed the matter.
There is no proof as to the value of petitioner’s claim as of March 1, 1913, and in the absence of any agreement as to the amount of salary to be paid him and in view of the contingency that the com *532 pany might never come into funds sufficient to meet its obligations, including the compensation due petitioner, we are not justified in attempting to fix any value for petitioner’s claim as of the basic date, even though we find that his services were reasonably worth the amount ultimately paid to him.
Therefore we must hold that the compensation paid to petitioner for his services rendered prior to March 1, 1913, is taxable to him in the year in which received. This case, upon its facts, is clearly controlled by the several decisions of this Board and of the courts bearing upon the issue here raised. . See Edward 8. Jones, 6 B. T. A. 1048; Workman v. Commissioner, 41 Fed. (2d) 139, affirming W. F. Workman, 14 B. T. A. 1414; J. Noble Hayes, 7 B. T. A. 936; John A. McPherson et al., 22 B. T. A. 196; Edwards v. Keith, 231 Fed. 110; certiorari denied, 243 U. S. 638; Woods v. Lewellyn, 252 Fed. 106; Jackson v. Smietanka, 272 Fed. 970.
Reviewed by the Board.

Decision will be entered for the respondent.